Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Poff, Senior Justice

JIMMY R. COLLINS, ET AL.

v.    Record No. 950648    OPINION BY JUSTICE ELIZABETH B. LACY
                                   January 12, 1996
BILLY FULLER, ET AL.

FROM THE CIRCUIT COURT OF SCOTT COUNTY
James C. Roberson, Judge

In this appeal, we consider whether the trial court erroneously restricted the method of using an express right of way.

This case involves the interpretation and location of an express right of way contained in a deed for land purchased by Jimmy R. and Maggie S. Collins (collectively, Collins). Collins' property was part of a tract partitioned in 1883 into two lots, Lot 4 and Lot 5. The partition order granted Lot 4 to Bettie V. Edwards. The grant included an express right of way described as follows: "with right of way to the spring." The spring was located on Lot 5.

Collins purchased approximately 10 acres of Lot 4 in 1983. The deed recited that the purchase also included "all water rights and privileges and right of way which was assigned to Bettie V. Edwards in connection with the said tract of land in the division of the real estate of her father, James S. Edwards." The portion of Lot 4 purchased by Collins was adjacent to Lot 5. At that time, Lot 5 was owned by J.C. and Bonnie Fuller.

In 1992, J.C. and Bonnie Fuller conveyed a .75 acre portion of Lot 5 adjacent to Collins' property to their son

Billy.  The portion conveyed did not include the spring but did include a house.  Billy and his wife, Gina, began renovating the house by extending the back of it.  At the same time, Collins sought to utilize the right of way, crossing Billy's land just behind his house to get to the spring located on J.C. and Bonnie Fuller's land.

Billy and Gina Fuller filed a bill of complaint alleging that Collins was engaged in a continuing trespass.  The Fullers sought an injunction prohibiting Collins from traveling across the property and requiring Collins to lay a pipeline across land owned by J.C. and Bonnie Fuller to access the spring. After viewing the property and considering the evidence and arguments of counsel, the trial court entered a final decree holding that Collins had a right of way to the spring "no greater than (20) feet north of the J.C. Fuller and Billy Fuller boundary line then in a straight line to the spring." The trial court also limited the use of the right of way to "laying and maintaining a water line to the spring with a right-of-way of 10 feet to make the necessary repairs on said water line."  Collins' motion for reconsideration was denied. We awarded Collins an appeal.

The parties agree that Collins' 1983 deed expressly granted the right to use the water from the spring and a right of way to access the spring.  The issue here is whether the trial court could limit the method of using the right of way to

laying and maintaining a water pipe to transport water from the spring to Collins' property.  We conclude that the limitation imposed by the trial court was error.

The applicable legal principle was stated in <u>Cushman Corp. v. Barnes</u>, 204 Va. 245, 253, 129 S.E.2d 633, 639-40 (1963):

> When a right of way is granted over land . . . and the instrument creating the easement does not limit the use to be made thereof, it may be used for any purpose to which the dominant estate may then, or in the future, reasonably be devoted.  This rule is subject to the qualification that no use may be made of the right of way, different from that established at the time of its creation, which imposes an additional burden upon the servient estate.

In this case, the only limitation on the right of way contained in the granting language is that the right of way be used to access the spring.  There is no evidence of prior use of the right of way.  Therefore, we find no basis to impose a limitation on the method which may be used in accessing the spring.[*]

Accordingly, we will reverse that portion of the trial court's decree restricting the use of the right of way to the laying and maintaining of a water line and remand the case for

---

[*]Collins also assigned error to the location of the right of way because it "is extremely rocky terrain, and will require the defendants to spend approximately $10,000.00 to install" a water line.  At oral argument, however, counsel for Collins clarified this issue, stating that the trial court "has discretion as to the location of the easement" and "[t]he error in the location is only an error if it's tied into the water line."  In light of this clarification, we will not address the location of the easement.

any further proceedings that may be required consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>